

**SIGNED this 15th day of August, 2018**

/s/ Shelley D. Rucker
_____
Shelley D. Rucker
UNITED STATES BANKRUPTCY JUDGE

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE
## SOUTHERN DIVISION

| | |
|---|---|
| In re: | |
| | Case No. 1:17-15568-SDR |
| MAYNARD WATSON THOMPSON, JR., | Chapter 7 |
| and HOLLY CHRISTINE THOMPSON, | |
| Debtors, | |
| | |
| JOE H. MARTIN, *Individually and Derivatively on behalf of Chattanooga Veterinary Network, LLC,* ROWDY JOE MANAGEMENT, LLC, and ALLISCAR VET SERVICES, LLC, | |
| Plaintiffs, | |
| v. | Adversary Proceeding |
| | Case No. 1:18-ap-1018-SDR |
| MAYNARD WATSON THOMPSON, JR., | |
| and HOLLY CHRISTINE THOMPSON, | |
| Defendants. | |

1

# MEMORANDUM OPINION

## I.   Background

On March 15, 2018, Joe H. Martin, individually and derivatively on behalf of Chattanooga Veterinary Network, LLC; Rowdy Joe Management, LLC; and Alliscar Vet Services, LLC ("Plaintiffs"), filed this adversary proceeding against Maynard Watson Thompson, Jr., and Holly Christine Thompson ("Defendants" or "Debtors"). [Doc. No. 1].[1] The complaint alleges that certain debts owed by the Debtors to the Plaintiffs are nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(4). [*Id.* at 5]. On April 16, 2018, the Defendants filed a motion to dismiss contending that the complaint was filed after the deadline imposed by Federal Rule of Bankruptcy Procedure 4007(c). [Doc. No. 8]. On May 14, 2018, the Plaintiffs filed an objection to the Defendants' motion to dismiss, acknowledging that the complaint was filed after the deadline but arguing that the court should apply the doctrine of equitable tolling to find the complaint timely. [Doc. No. 12]. On May 30, 2018, the Defendants filed a response.

The court has reviewed the parties' pleadings and briefs, the record before it, and the applicable law. For the reasons explained below, the court concludes that the Defendants' motion to dismiss should be GRANTED.

## II.   Jurisdiction

Title 28 U.S.C. §§ 157 and 1334, as well as the general order of reference entered in this district, provide this court with jurisdiction to hear and decide this adversary proceeding. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (I), and (O).

### III. Analysis

#### A. Standard of Review

Initially, the court must determine which standard of review applies to the Defendants' motion to dismiss. The Defendants argue that the Plaintiffs' complaint should be dismissed because it is untimely under the deadline prescribed by Federal Rule of Bankruptcy Procedure 4007(c). Although the Defendants' motion does not cite Federal Rule of Civil Procedure 12, the court interprets the motion as one under Federal Rule of Civil Procedure 12(b)(6), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b). Dismissal under Rule 12(b)(6) is appropriate when the allegations in the complaint affirmatively show that the claim is time-barred. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (quoting *Jones v. Bock,* 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) ("If the allegations … show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim[.]")). A motion to dismiss based on a statute of limitations should be granted "when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle him to relief." *Dykema Excavators, Inc. v. Blue Cross & Blue Shield Of Mich.*, 77 F. Supp. 3d 646, 652 (E.D. Mich. 2015) (citations omitted).

In reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court must "treat as true all of the well-pleaded allegations of the complaint." *Bower v. Federal Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996) (citations omitted). In addition, a court must construe all allegations in the light most favorable to the plaintiff. *Id.* (citing *Sinay v. Lamson & Sessions*, 948 F.2d 1037, 1039 (6th Cir. 1991)). In this case, the court must determine whether the Plaintiffs can prove any set of facts

---

[1] All docket references are to this adversary proceeding unless otherwise indicated.

that would entitle them to relief. The Plaintiffs admit that the complaint was not timely filed so they must be able to state a claim that the deadline should be equitably tolled.

### B. Relevant Facts

The Debtors filed their Chapter 7 bankruptcy case on December 6, 2017. [Case No. 1:17-bk-15568-SDR, Doc. No. 1]. The clerk of the court issued a notice of the filing of the case and of the meeting of creditors scheduled for January 10, 2018. [*Id.* at Doc. No. 8]. This notice set a deadline of March 12, 2018, sixty days after the first date set for the meeting of creditors, by which to object to the Debtors' discharge or to challenge whether certain debts were dischargeable under 11 U.S.C. § 523(a)(2), (4), or (6). [*Id.*]. On December 6, 2017, the clerk of the court served this notice on the parties listed on the creditor matrix filed with the Debtors' petition. [*Id.*]. The parties served included Joe H. Martin/Chattanooga Veterinary/Rowdy Joe/Alliscar Vet, c/o James R. McKoon, 633 Chestnut St., Suite 1500, Chattanooga, TN 37450-1501. [*Id.* at Doc. No. 14]. There has been no allegation made by the Plaintiffs that they did not receive notice of the Debtors' bankruptcy filing, the meeting of creditors, or the deadline to object to discharge and dischargeability.

The Debtors received their discharge on March 14, 2018. [*Id.* at Doc. No. 58]. On March 15, 2018, the Plaintiffs filed their complaint objecting to the dischargeability of certain debts allegedly owed by the Debtors to the Plaintiffs pursuant to 11 U.S.C. § 523(a)(2)(A) and (a)(4). [Doc. No. 1].

On April 16, 2018, the Defendants filed the instant motion to dismiss. [Doc. No. 8]. The Plaintiffs objected and attached affidavits from their attorneys, James R. McKoon and Kathryn F. MacGregor, explaining why the complaint was filed after the deadline had expired. [Doc. No. 12]. These affidavits indicate that the Plaintiffs' attorneys were aware of potential nondischargeability claims in December of 2017 and that attorney MacGregor began drafting a complaint in "early

4

January of 2018." [Doc. No. 12-1, at 2; Doc. No. 12-2, at 2]. At that time, the attorneys had reason to believe that they might have a basis to object to the Debtors' discharge under 11 U.S.C. § 727, but they "needed additional information which [they] hoped to obtain from the creditors' meeting to finalize the complaint." [Doc. No. 12-1, at 2]. The creditors' meeting originally scheduled for January 10, 2018, was continued to January 18. [*Id.*]. The Plaintiffs' attorneys obtained some information needed through testimony at the January 18 meeting but requested additional information to be provided at a continued creditors' meeting set for February 7, 2018. [*Id.*]. That hearing was also rescheduled and eventually held on February 28, 2018. [*Id.*]. The affidavits contend that the requested documentation was never provided by the Debtors. [*Id.*].

Following the conclusion of the meeting of creditors, the parties discussed settlement, and attorney McKoon confirmed to the Debtors' attorney that the Plaintiffs would be objecting to the dischargeability of their claims. [*Id.*]. The affidavits do not state that the Plaintiffs asked for any additional information from the Debtors after February 28, 2018. The deadline to file a complaint objecting to dischargeability was March 12, 2018. Attorney MacGregor became "very ill" during the last week of February and was out of the office during the week of March 5-9, 2018. [Doc. No. 12-1, at 3; Doc. No. 12-2, at 2]. She "tried to return to the office on March 12, 2018, but . . . was still very sick and unable to stay at the office." [Doc. No. 12-2, at 2]. On March 14, the attorneys discovered that the deadline had passed, and they filed the complaint the next day. [*Id.*].

### C. Is the Plaintiffs' complaint time-barred?

In a Chapter 7 case, in exchange for a liquidation of assets for the benefit of creditors, a debtor receives a discharge of his or her debts. *In re Witt*, 304 B.R. 340, 342 (Bankr. E.D. Tenn. 2003). Debts are not extinguished by a Chapter 7 discharge; however, following a discharge the debtor is no longer personally liable for the debts. *Id.* A debtor's right to receive a discharge in a Chapter 7 case is governed by 11 U.S.C. § 727, which provides that the court shall grant a discharge

5

of a debtor's prepetition debts unless a party in interest objects to the discharge and proves that one of the enumerated exceptions to discharge exists. *Id.* Additionally, the Bankruptcy Code places restrictions on a debtor's right to receive a discharge of certain types of debt. 11 U.S.C. § 523 identifies certain types of debt that may be determined to be nondischargeable. Of relevance here, subsections (a)(2) and (a)(4) provide that a debtor will not be discharged from any debt:

> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by—
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; [or]
>
> . . . .
>
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]

11 U.S.C. § 523(a)(2)(A), (a)(4). To except these types of debt from discharge, the creditor must file a complaint. *Id.* § 523(c)(1).

Federal Rule of Bankruptcy Procedure 4007(c) requires that a complaint objecting to the dischargeability of a debt be filed within sixty days of the first meeting of creditors unless the court extends the time for cause based on a motion for an extension filed *before* expiration of the deadline:

> [A] complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed *before* the time has expired.

Fed. R. Bankr. P. 4007(c) (emphasis added).

In the Sixth Circuit, rather than being a jurisdictional bar, the deadline imposed by Rule 4007(c) is interpreted as "a statute of limitation—or simply a deadline—that is generally subject

6

to the defenses of waiver, estoppel, and equitable tolling." *Nardei v. Maughan (In re Maughan)*, 340 F.3d 337, 344 (6th Cir. 2003); *see also In re Witt*, 304 B.R. at 343.

The Plaintiffs contend that equitable tolling is applicable in this case. [Doc. No. 12, at 4]. Whether the facts support an equitable defense is a determination within the discretion of the court. *Hollis v. Ardahji (In re Ardahji)*, Adv. No. 14-3066, 2015 WL 1865634, at *3 (Bankr. E.D. Tenn. Apr. 2, 2015).

In *In re Maughan*, the Sixth Circuit identified the following factors for a court to consider when determining whether the doctrine of equitable tolling should be applied to excuse a plaintiff's missing the Rule 4007(c) deadline: "(1) lack of actual notice of filing requirement; (2) lack of constructive knowledge of filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement." *In re Maughan*, 340 F.3d at 344; *see also In re Doyne*, 520 B.R. 566, 570-71 (B.A.P. 6th Cir. 2014). Courts sitting in the Sixth Circuit have noted that the five-factor analysis set forth in *In re Maughan* was effectively overruled by the United States Supreme Court in *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005), a case with unrelated facts and issues of law, wherein the Supreme Court held that "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *See, e.g., In re Doyne*, 520 B.R. at 571 (citing *Thomas v. Webb*, 2007 WL 628136, at *2 (W.D. Ky. Feb. 23, 2007)); *In re Ardahji*, 2015 WL 1865634, at *2.

Whether the court considers the factors set out in *In re Maughan* or in *DiGuglielmo*, the analysis is essentially the same in this case. The Plaintiffs do not claim lack of notice. Therefore, the court will focus its analysis on whether the Plaintiffs acted diligently in pursuing their rights

and whether extraordinary circumstances prevented them from timely filing their complaint. The court concludes that these factors are dispositive in this case and that neither weighs in Plaintiffs' favor.

The Plaintiffs' first argument is that the delay in filing the complaint was caused by having to wait for "possible additional information from the § 341 meeting that was repeatedly continued." [Doc. No. 12, at 6]. In the Sixth Circuit, courts have generally applied equitable tolling only "where there is no fault on the part of the creditor and the creditor was misled by the debtor." *Blake v. Traster (In re Traster)*, Adv. No. 13-3009, 2014 WL 1276397, at *6 (Bankr. N.D. Ohio, Mar. 27, 2014); *see also Zabivnik v. Hannen (In re Hannen)*, 383 B.R. 683, 688 (Bankr. N.D. Ohio 2008) (noting that equitable tolling generally applies in cases where "the debtor interfered with the action the creditor needed to take.").

Here, the Plaintiffs have not adequately demonstrated that the Defendants interfered with their ability to timely file a complaint. The Plaintiffs' response states that a suit had been filed in the Chancery Court of Hamilton County regarding misappropriation of funds and fraud prior to the bankruptcy filing. [Doc. No. 12, at 2]. Given their ability to file a complaint prepetition, the Plaintiffs have not adequately explained the nature of the additional information the Defendants failed to provide or how the lack of that information prevented the Plaintiffs from filing a complaint objecting to the Defendants' entire discharge or the dischargeability of the Plaintiffs' debt. The description given in the attorneys' affidavits of the missing information and its relevance to the case is so vague that the court concludes the Plaintiffs have failed to allege that the withheld information was the cause of the missed deadline.

Moreover, the Defendants' alleged failure to provide information necessitating several continuances of the meeting of creditors is not by itself sufficient misconduct to support an

extension. In *In re Witt*, the court considered a motion to dismiss a dischargeability complaint as untimely where the plaintiff alleged that the debtor had not supplied information requested by the chapter 7 trustee leading to seven continuances of the meeting of creditors. *In re Witt*, 304 B.R. at 343. The court noted that the debtor had not disobeyed a court order, had appeared at the continuances of her meeting of creditors, and had "supplied documents sufficient to satisfy" the trustee such that he concluded the meeting without requesting an extension of time to object to discharge. *Id.* The court concludes that the same result should obtain here where there is no allegation that the Debtors disobeyed court orders, failed to appear, or failed to provide sufficient information to satisfy the trustee.

In this case, the final meeting of creditors was held and concluded on February 28, 2018, twelve days before the deadline to file a complaint. There is no indication in the record that the Debtors had failed to supply necessary information and, indeed, the chapter 7 trustee concluded, rather than adjourned, the meeting of creditors, indicating that all requested information had been provided. Even if the court found that the Plaintiffs had sufficiently alleged they were delayed by the Debtors' failure to provide information, the Plaintiffs have failed to show that they took any steps to obtain that information through discovery, depositions, or a Rule 2004 examination.

As the court stated in *In re Witt*, if information was still needed, the Plaintiffs could have filed a motion to extend the deadline. *Id.* at 344. In the similar case of *In re Davis*, the court was asked to apply equitable tolling after a dischargeability complaint was untimely filed. *Chattanooga Agric. Credit Assoc. v. Davis (In re Davis)*, 330 B.R. 606, 612 (Bankr. E.D. Tenn. 2005). The plaintiff argued that the untimely filing was due in part to waiting for the debtor to respond to information requested by the trustee. *Id.* The court declined to apply equitable tolling and found that the plaintiff had not diligently pursued its rights, noting that "when it became clear that the

9

[filing deadline] was approaching, there was nothing to prevent the [p]laintiff from requesting an extension of the deadline, especially if it was waiting on this information from the [d]ebtor and/or the Chapter 7 Trustee." *Id.* In this case, the court concludes that the Plaintiffs have not demonstrated that they engaged in diligent efforts to obtain the information or extend the deadline.

The primary reason given by the Plaintiffs for missing the deadline is that attorney MacGregor was ill during the last eleven days prior to the deadline and could not work. [Doc. No. 12, at 6]. While the court is sympathetic to the Plaintiffs and their attorneys, the illness of one member of the legal team does not meet the standard of extraordinary circumstances for equitable tolling in the Sixth Circuit. The onset of counsel's pneumonia was unforeseen and beyond the Plaintiffs' control, but that circumstance affected only one member of the legal team. The affidavit of attorney McKoon indicates that he was involved in the case; however, no allegation has been made or fact offered as to why he or another member of the firm could not have filed the complaint or sought an extension.

The Defendants argue that the Plaintiffs' failure is merely negligence and that excusable neglect or a mistake of counsel is not a sufficient basis for tolling the filing deadline in Rule 4007(c). [Doc. No. 16, at 3-4]; s*ee In re Traster*, 2014 WL 1276397, at \*6 ("[F]or the deadline of Bankruptcy Rule 4007(c) to be tolled/suspended, something more than excusable neglect must be shown."); *see also In re Herd*, No. 06-10851, 2006 WL 2931608, at \*3 (Bankr. E.D. Tenn. Oct. 11, 2006) ("[T]he principles of equitable tolling do not extend to garden variety claims of excusable neglect on the part of a litigant's attorney.") (internal quotations omitted) (collecting cases). The court agrees with this assessment. For example, in *In re Hannen*, the bankruptcy court granted a motion to dismiss a dischargeability complaint filed three days after the deadline when

the only explanation given for the delay was that plaintiff's counsel was inexperienced with the court's electronic filing system. *In re Hannen*, 383 B.R. at 688.

"Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *In re Ardahji*, 2015 WL 1865634, at *2 (citations omitted). The doctrine is "intended to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* (citations omitted). The court is not persuaded that extraordinary circumstances outside of the Plaintiffs' control were present here and, therefore, will decline to invoke equitable tolling to find the complaint timely.

Based on the evidence before it viewed in the light most favorable to the Plaintiffs, the court concludes that the Plaintiffs have failed to state a claim for equitable tolling. They have not alleged how the Defendants interfered with their ability to timely file their complaint. The court concludes that the Plaintiffs did not act diligently in pursuing their rights and that the timely filing of their complaint was not thwarted by extraordinary circumstances. Based on this conclusion and the statement of factors in *DiGuglielmo*, the court does not find it necessary to address whether there would be any prejudice to the Defendants if the court tolled the filing deadline. Although prejudice is identified as a factor in *In re Maughan*, other courts have found it unnecessary to consider when the plaintiff has not demonstrated the factors of diligence and extraordinary circumstances. *See, e.g., In re Ardahji*, 2015 WL 1865634, at *3 ("Plaintiffs' argument fails because Plaintiffs were not diligent in preserving their rights, notwithstanding Plaintiffs' argument that Debtor would not be prejudiced if the court equitably tolled the [filing] deadline."); *see also In re Herd*, 2006 WL 2931608, at *3-4 (The court did not consider prejudice after finding that attorney's mistake was responsible for the missed filing deadline.).

The court is likewise not persuaded by the Plaintiffs' argument that the court could use its powers under 11 U.S.C. § 105(a) to accept an untimely filed complaint. [Doc. No. 12, at 3-4]. As the court explained in *In re Hannen*,

> Although section 105(a) grants the Bankruptcy Court equitable power, "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, 108 S. Ct. 963, 99 L. Ed.2d 169 (1988); *see Copper v. Copper (In re Copper),* 426 F.3d 810, 816 (6th Cir. 2005). "Bankruptcy courts 'cannot use equitable principles to disregard unambiguous statutory language' ....The equitable powers of section 105(a) may only be used in furtherance of the goals of the Code." *Childress v. Middleton Arms, L.P.,* 934 F.2d 723, 725 (6th Cir. 1991) (*citing In re C—L Cartage Co., Inc.,* 899 F.2d 1490, 1494 (6th Cir. 1990)). Herein, it is undisputed that the procedural requirements to file a complaint under Bankruptcy Rule 4007(c) to determine dischargeability were not met by the Plaintiff. Absent facts supportive of equitable relief, this Court must enforce Bankruptcy Rule 4007(c).

*In re Hannen*, 383 B.R. at 688. For the same reasons, the court will not invoke section 105 in this case to find the Plaintiffs' complaint timely filed.

## IV.    Conclusion

For the reasons stated above, the court finds that the Plaintiffs' complaint was not timely filed under Federal Rule of Bankruptcy Procedure 4007(c) and that the Plaintiffs have not demonstrated that equitable tolling applies as a defense. Accordingly, the court will GRANT the Defendants' motion to dismiss, and the Plaintiffs' complaint will be dismissed. A separate order will enter.

###